IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL LOUISE MARCHESE,
      Plaintiff,

vs.                          Case No.:  3:15cv215/MCR/EMT

ESCAMBIA COUNTY SHERIFF'S
DEPARTMENT,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Cheryl Louise Marchese ("Marchese"), proceeding pro se, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983, alleging he was falsely arrested on April 10, 2015, in violation of the Fifth, Eighth, and Fourteenth Amendments, and seeking monetary damages for the alleged constitutional violations (*see* ECF No. 1).[1]  He paid the filing fee.  Marchese subsequently filed an amended complaint, reasserting the same false arrest claim (ECF Nos. 9 (sealed version), 20 (redacted version)).  Defendant filed a motion to dismiss (ECF No. 15).  On

_____

[1] The document and page references used in this Report reflect the document and page numbers enumerated in the court's electronic docketing system rather than those the parties may have assigned.

November 4, 2015, the court issued an order directing Marchese to file a response to the motion to dismiss within fourteen days (ECF No. 16).  On November 16, 2015, Marchese filed a document titled "Motion for Summary Judgment," in which he asserts that he is entitled to relief on his false arrest claim; he also argues that his complaint should not be dismissed, and he threatens to file a complaint of judicial misconduct with the Eleventh Circuit Court of Appeals against the undersigned if this lawsuit is dismissed (ECF Nos. 17 (sealed version), 21 (redacted version)).  Defendant filed a response to Marchese's "Motion for Summary Judgment," to the extent Marchese intended it as such (ECF No. 18).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that Defendant's motion to dismiss should be granted, but that Marchese should be provided an opportunity to file a second amended complaint.

## I.   DEFENDANT'S MOTION TO DISMISS

Defendant seeks dismissal of the complaint pursuant to Rule 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure (*see* ECF No. 15).  Defendant contends dismissal is warranted on three grounds.  First, Marchese named "Escambia County

Sheriff's Department" as the sole Defendant; however, that is a non-existent entity which is not subject to suit (*id.* at 2–3). Therefore, the complaint fails to state a claim upon which relief can be granted. Second, Marchese's false arrest claim is not ripe for adjudication, because a state criminal prosecution is pending against him in Escambia County Case No. 2015-CF-001632 for the conduct underlying his arrest (*id.* at 3; *see also* ECF No. 15-3).[2] Therefore, he must obtain a favorable disposition of the charges before he can recover damages for his false arrest claim, pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Alternatively, Defendant contends the court should at least abstain from exercising jurisdiction while the state criminal proceeding is pending, pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (ECF No. 15 at 3). As the third ground for dismissal, Defendant argues that Marchese's amended complaint contains crude, profane, and racist content; therefore, the complaint should be dismissed or stricken, pursuant to Fed. R. Civ. P. 12(f) (*id.* at 3–4).

In Marchese's "Motion for Summary Judgment," he does not address any of the specific issues raised in Defendant's motion to dismiss (*see* ECF No. 21). Instead,

---

[2] The online public records of the Escambia County Clerk of Court, Case No. 2015-CF-001632, of which the court takes judicial notice, indicates that Plaintiff is charged with one count of lewd or lascivious exhibition and two counts of indecent exposure in public. *See* www.escambiaclerk.com (search court records for Case No. 2015-CF-001632).

he reasserts his contention that Deputy Michael Todd Williams arrested him without probable cause on April 10, 2015 (*id.* at 3–4, 7, 26).[3]

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6). In applying that rule, the allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  *See* <u>Davis v. Monroe Cnty. Bd. of Educ.,</u> 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quotation and citation omitted).

---

[3] Marchese also asserts that Deputy Williams' false arrest caused him to be arrested a second time, on June 4, 2015, by Deputy Steven Floyd Sharpe (for failure to appear at a hearing in the state criminal case) (*id.* at 4–5).  The Escambia County Clerk of Court's online public records indicate that on May 15, 2015, the state court issued a capias for Marchese's failure to appear, and Marchese was arrested on that capias on June 4, 2015.  *See* www.escambiaclerk.com (search court records for Case No. 2015-CF-001632).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted).  The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted).  And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted).  Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

There is no such legal entity in Florida as the "Escambia County Sheriff's Department."   Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff.  *See* Fla. Const. art. VIII, §§ 1(a) and (d).  However, no provision is made

constitutionally or statutorily for a "Sheriff's Department" as a separate legal entity, as an agency of the county, or as a corporate entity; nor is a Sheriff's Department given authority to be sued in such a name. *See* <u>Bethel v. Escambia Sheriff's Office</u>, No. 3:06cv70/RV/EMT, 2006 WL 3709621, at *1 (N.D. Fla. Dec. 14 2006) (unpublished) (dismissing with prejudice claims against Escambia County Sheriff's Office, because there is no such legal entity as the Escambia County Sheriff's Office or Department); <u>Hobbs v. Holmes Cnty. Sheriff's Dep't</u>, No. 5:04cv82/RH/WCS, Order (N.D. Fla. July 14, 2004) (unpublished) (dismissing claims against Holmes County Sheriff's Department because it is not a suable entity); <u>Turner v. Bieluch</u>, No. 9:03cv81059, Order (S.D. Fla. Jan. 13, 2004) (unpublished) (dismissing complaint as to Palm Beach County Sheriff's Office because it lacks capacity to be sued); <u>Erickson v. Hunter</u>, No. 95-387-CIV-FTM-17D, 1996 WL 427769, at *1 (M.D. Fla. Apr. 10, 1996) (unpublished) (dismissing claims against Collier County Sheriff's Office on grounds that it lacks the capacity to be sued); <u>Jones v. Collier Cnty. Sheriff's Dep't</u>, No. 95-232-CIV-FTM-17D, 1996 WL 172989, at *2 (M.D. Fla. Apr. 9, 1996) (unpublished) (dismissing with prejudice claims against Collier County Sheriff's Office, because it is not a legal entity and therefore cannot be sued). For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity. *See* <u>Hobbs</u>, No. 5:04cv82/RH/WCS, Doc. 10 at 3 ("For claims against the

[Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity."); <u>Oates v. Jackson Cnty. Sheriff's Office</u>, No. 5:09cv303/RS/MD, 2010 WL 785657, at *2 (N.D. Fla. Mar. 4, 2010) (granting motion to dismiss the Sheriff's Office in a Title VII employment discrimination case, and dismissing claims against Sheriff's Office with prejudice).

Here, Marchese names a non-suable entity as the sole Defendant.  Therefore, the amended complaint is subject to dismissal for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6).  However, Marchese alleges in his amended complaint that Deputy Michael Todd Williams arrested him without probable cause, and that Deputy Williams is an agent of Sheriff David Morgan (*see* ECF No. 20 at 2–3).  Further, he argues in his response to Defendant's motion to dismiss that Deputy Williams perpetrated the alleged constitutional violation, and that Sheriff Morgan is responsible for Deputy Williams' conduct (*see* ECF No. 21 at 3–5, 26).  Because Marchese is proceeding pro se, and it is not clear that his false arrest claim would otherwise be subject to dismissal had he named a suable person or entity, the court should dismiss the amended complaint without prejudice to his filing a second amended complaint.  *See* <u>Grider v. Cook</u>, 522 F. App'x 544, 548 (11th Cir. 2013) (unpublished) (citing <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be

given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), *overruled in part by* <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (holding that a district court is not required to sua sponte grant leave to amend to counseled plaintiffs who never requested leave to amend, but noting that this holding does not disturb a pro se litigant's right to amend)).  In a second amended complaint, Marchese could name a suable defendant and submit facts to support a plausible constitutional claim against that defendant.  Therefore, he should be provided one additional opportunity to amend.  Should Marchese properly state a claim in a second amended complaint, the court may then consider whether abstention would apply.[4]

As a final matter, the undersigned will address Defendant's argument that dismissal or striking of Marchese's amended complaint is warranted because of its crude, racist, and profane content.  Rule 12(f) provides that the court, acting on its own or upon motion by a party, may strike from a pleading any redundant, immaterial,

---

[4] To the extent Defendant contends dismissal of the complaint is warranted under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (*see* ECF No. 15 at 3), the court rejects this argument.  A false arrest claim cannot be dismissed as barred by <u>Heck</u> if it only "would impugn an anticipated <u>future</u> conviction."  *See* <u>Wallace v. Kato</u>, 549 U.S. 384, 393–94, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (emphasis added); *see also, e.g.*, <u>Turner v. Broward Sheriff's Office</u>, 542 F. App'x 764, 765–66 (11th Cir. 2013) (unpublished but recognized as persuasive authority) (<u>Heck</u> bar applies only when a plaintiff has been convicted); <u>Taylor v. Freeman</u>, 447 F. App'x 78, 80 (11th Cir. 2011) (unpublished).

impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f); *see also, e.g.*, <u>Bethel v.</u> <u>Baldwin Cnty. Bd. of Educ.</u>, 371 F. App'x 57, 61 (11th Cir. 2010) (affirming dismissal of amended complaint pursuant to Rule 12(f), where plaintiffs included material unrelated to original complaint and accused district court of wickedness, bias, tampering with evidence, and fraud).

Marchese's Amended Complaint includes the following crude and racist content:  (1) he alleges Defendant's agents "make an ass of themselves"; (2) he uses the following terms in referring to the father of the alleged victim of the lewd and lascivious charge, "black butt," "black finger," "low life," and "black ass bigot"; (3) he refers to the victim and her siblings as "half breeds" and "niglets"; and (4) he refers to the criminal complaint as "the wildest bunch of bullshit" (ECF No. 20 at 6–7, 9).

The undersigned additionally notes the impertinent and threatening comments directed to the undersigned in Marchese's "Motion for Summary Judgment," including:  (1) an assertion that the undersigned's order directing the clerk of court to return Marchese's requests for production of documents (titled "Subpoenas for Production" and "Motion for Submission Cheryl's [sic] Subpoenas"), because the filing of discovery material is prohibited by Rule 5(d) and the documents did not comply with the redaction requirement of Rule 5.2 (*see* ECF No. 12), was motivated by "discrimination, or the justice's femine [sic] emotions"; (2) a threat to file a lawsuit

against the undersigned if the court issues a ruling unfavorable to him; (3) the inclusion of a "word to the wise" that "dismiss this civil action lawsuite [sic] . . . and I will file charges with the 11th Circuit Court of Appeals"; and (4) the attachment of a copy of a judicial complaint filed in the Eleventh Circuit by Marchese against the undersigned (ECF No. 21 at 6, 8, 9, 26).

Additionally, in direct contravention of the court's previous order, Marchese re-filed, with his Motion for Summary Judgment, the discovery requests that the court previously returned to him, which include the birth dates and social security numbers of the victims and witnesses of the alleged criminal conduct (*see* ECF Nos. 12, 17). Marchese's disobedience required the court to direct the clerk of court to re-docket a properly redacted version of Marchese's motion and seal the original, in order to protect the private information of those individuals (*see* ECF No. 19).

This court will not sit quietly by in the face of Marchese's crude, racist, threatening, and otherwise impertinent statements, and his complete disregard of directives of this court.  Marchese may be upset with his accusers, and he may disagree with the rulings of this court.  However, such dissidence does not confer upon him license to insult this court, a party, or anyone else in his written filings.  *See generally* Sacher v. United States, 343 U.S. 1, 9, 72 S. Ct. 451, 455 (1952) ("But if the ruling is adverse, it is not counsel's right to resist it or to insult the judge—his right

is only respectfully to preserve his point for appeal.").  As one court of appeals put it,
"Litigants are understandably disappointed when they do not prevail in court, but that
does not given them the license to attack the integrity of the judiciary.  Such abusive
conduct will not be tolerated, not even from a pro se litigant."  In re Mann, 229 F.3d
657, 659 (7th Cir. 2000); *see also* Theriault v. Silber, 579 F.2d 302, 303 (5th Cir.
1978) ("Our pro se practice is a shield against the technical requirements of a past age;
it is not a sword with which to insult a trial judge.").

The court will not tolerate crude, racist, threatening, or otherwise impertinent
content in court filings.  Marchese shall refrain from including such material in his
future filings, and he shall obey all directives issued by this Court.  Should he choose
not to, his non-compliance may result in dismissal of this action.

## II.     MARCHESE'S MOTION FOR SUMMARY JUDGMENT

To the extent Marchese intends his "Motion for Summary Judgment" to be a
request for judgment in his favor, pursuant to Rule 56 of the Federal Rules of Civil
Procedure, his motion should be denied.  In light of the court's conclusion that the
Amended Complaint does not assert a plausible claim against a suable entity,
Marchese has failed to demonstrate he is entitled to judgment as a matter of law.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That Defendant's motion to dismiss (ECF No. 15) be **GRANTED** on the ground that Plaintiff seeks relief against a non-existent entity, but that the Amended Complaint (ECF Nos. 9, 20) be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's filing a second amended complaint naming a suable entity.

2.      That Plaintiff's Motion for Summary Judgment (ECF Nos. 17, 21) be **DENIED**.

3.      That this matter be referred to the undersigned for issuance of an order establishing a deadline for Plaintiff to file a second amended complaint against a suable entity.

At Pensacola, Florida this 9th day of December 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**